UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMICA NICOLE DARNES, | No. 2: 17-cv-2170 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOHN B. ELLIS, et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

| | |
|---|---|
| 1 | Named as defendants are Solano County Judge Ellis, Solano County Judge Fracchia, |
| 2 | Deputy Alternate Defender Start and Andrew Horvath. As relief, plaintiff seeks money damages. |
| 3 | Plaintiff first alleges that she was held in the Solano County Jail for 180 days beyond the |
| 4 | expiration of her sentence. In particular, plaintiff alleges that defendant Ellis sentenced her to 180 |
| 5 | days in jail in case number 302260. Plaintiff alleges that one month later, she was sentenced "on |
| 6 | the same case number 324906 to 180 days as well." Plaintiff appears to claim that defendant |
| 7 | Judge Fracchia imposed the second sentence. Plaintiff alleges that she was held in jail even after |
| 8 | the mistake was well known. Plaintiff alleges that her lawyer, defendant Smart, allowed |
| 9 | defendant judges to impose the second wrongful sentence. |
| 10 | Judges are absolutely immune from damage liability for acts which are judicial in nature. |
| 11 | Forrester v. White, 484 U.S. 219, 227-229 (1988); see also Stump v. Sparkman, 435 U.S. 349, |
| 12 | 355-57 (1978). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts |
| 13 | committed within the scope of judicial duties, "even when such acts are in excess of their |
| 14 | jurisdiction, and are alleged to have been done maliciously or corruptly." Stump, 435 U.S. at |
| 15 | 356. "[A] judge will not be deprived of immunity because the action [s]he took was in error, was |
| 16 | done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only |
| 17 | when [s]he has acted in the clear absence of all jurisdiction." Id. at 356-37; see also Forrester, |
| 18 | 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice |
| 19 | or corruption of motive"). |
| 20 | Plaintiff alleges that defendants Judges Ellis and Fracchia wrongly sentenced her twice on |
| 21 | the same case. Sentencing criminal defendants are acts within the scope of judicial duties. |
| 22 | Accordingly, defendants Ellis and Fracchia are entitled to judicial immunity. |
| 23 | Plaintiff appears to allege that defendant Smart worked as a public defender representing |
| 24 | plaintiff. Plaintiff appears to claim that defendant Smart failed to object when the second 180 day |
| 25 | sentence was wrongly imposed. |
| 26 | In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: |
| 27 | (1) violation of a right secured by the Constitution and laws of the United States, and (2) that the |
| 28 | violation was committed by a person acting under color of state law. See West v. Atkins, 487 |

U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and is therefore not subject to suit under section 1983 based on actions performed in this capacity. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Even if a public defender was negligent in her representation of a defendant, the public defender is not liable under section 1983. See Miranda v. Clark Cnty., Nev., 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (holding state public defender, although grossly deficient in performing traditional lawyer functions, was not state actor subject to liability under section 1983).

In essence, plaintiff alleges that defendant Smart failed to object during sentencing. Representing a criminal defendant during sentencing involves performing a lawyer's traditional function. Accordingly, defendant Smart did not act under color of state law when she represented plaintiff during sentencing. The claims against defendant Smart are dismissed.

"Detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest." Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985). In addition, an official violates the Eighth Amendment only where the deprivation is objectively sufficiently serious and where the official acts with a sufficiently culpable mind. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Negligence cannot form the basis of a § 1983 claim. See Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.").

If plaintiff files an amended complaint alleging that she was wrongly detained beyond her release date, she shall name as defendants those persons who were responsible for her detention. As indicated above, to state a potentially colorable Eighth Amendment claim, plaintiff must demonstrate that the named defendants knew that she was being held beyond her release date and failed to release her.

In what appears to be a second claim for relief, plaintiff alleges that she was arrested on a warrant on November 29, 2016, with no charges. Plaintiff alleges that she went to court on December 7, 2016 and was held without bail and without a complaint being filed. Plaintiff

4

alleges that she was held because defendant Horvath asked for a no bail hold. Plaintiff alleges that in case nos. 302260 and 324906, she was sentenced without being charged and without an arraignment.

Plaintiff has not stated a potentially colorable claim against defendant Horvath because she has identified defendant Horvath by name only. The undersigned cannot evaluate plaintiff's claim against defendant Horvath without knowing more about him, such as the title of his job.

In this second claim, plaintiff also appears to challenge the validity of her conviction in case nos. 302260 and 324906. Plaintiff appears to argue that her conviction in these cases is invalid because she was never charged or arraigned.

The Supreme Court has held that a prisoner cannot bring a § 1983 claim for damages to collaterally attack a criminal conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). In considering whether a § 1983 claim is barred by Heck, courts ask whether a ruling favoring the plaintiff would necessarily imply that plaintiff's conviction or sentence is invalid. See, e.g., Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011).

A finding that plaintiff was neither charged with a criminal offense or arraigned would likely result in a finding that plaintiff's conviction was invalid. For that reason, plaintiff's claims challenging her conviction in case nos. 302260 and 324906 are barred by Heck v. Humphrey unless her conviction has been reversed, expunged or declared invalid. Accordingly, plaintiff's claims challenging her conviction are dismissed. Plaintiff should include these claims in an amended complaint only if she can demonstrate either that her conviction has been reversed, expunged or declared invalid, or if she can demonstrate that a finding in her favor would not imply the invalidity of her conviction.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how

5

each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint".

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: December 13, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Darn2170.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMICA NICOLE DARNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN B. ELLIS, et al.,<br><br>　　　　Defendants. | No. 2: 17-cv-2170 KJN P<br><br>NOTICE OF AMENDMENT |

　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　_____　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff